# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVID SIDES,<br>　　　　Plaintiff,<br>　　v.<br>FELICIA PINCE, et al.,<br>　　　　Defendants. | Case No. 2:20-cv-04285-DMG (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On May 12, 2020, Plaintiff filed a civil rights complaint [Doc. # 1, "Complaint"]. Pursuant to the Court's screening obligations under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), the Court screened the Complaint and, on May 14, 2020, denied Plaintiff leave to proceed without prepayment of the filing fee and granted him leave to amend. [Doc. # 7, "May 14 Order."] The May 14 Order warned Plaintiff that the failure to rectify the deficiencies of his Complaint – as they had been identified and discussed at length in the May 14 Order – could result in the dismissal of the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff then filed a First Amended Complaint. [Doc. # 10.] On June 15, 2020, the Court screened the First Amended Complaint and again denied Plaintiff leave to proceed without prepayment of the filing fee and granted him leave to amend. [Doc. # 11, "June 15 Order."] The June 15 Order noted Plaintiff's

continued noncompliance with 28 U.S.C. § 1915(a)(1) and (2), and that the First Amended Complaint, like its predecessor, was fundamentally defective, and then explained why in detail. The June 15 Order discussed how Plaintiff had failed to correct the deficiencies of his prior Complaint, despite the advice provided as to these defects, and rejected Plaintiff's assertion that he is not required to exhaust his administrative remedies before proceeding with a *Bivens* action. While dubious that Plaintiff would be able to rectify his pleading's deficiencies, the Court granted him one final chance to attempt to state a viable claim. The June 15 Order again warned Plaintiff that his failure to rectify the deficiencies discussed in the Order would result in the case being dismissed under Rule 41(b).

The Second Amended Complaint was required to be filed by July 15, 2020. This did not happen. On July 2, 2020, Plaintiff submitted a stack of documents which consisted of a case caption and various loose documents, including a letter sent to other federal agencies, a letter sent to the Warden of his institution with a response, and various medical and disciplinary prison records. On July 8, 2020, United States Magistrate Judge Gail J. Standish rejected and returned the stack of documents, advising Plaintiff that he must comply with the June 15 Order and submit a single Second Amended Complaint, as well as sign any pleading he submits. [Doc. # 12.] On July 13, 2020, the Court received from Plaintiff a jumbled stack of documents along with a cover letter stating that the loose documents were sent in response to the June 15 Order and were intended to serve as Plaintiff's Second Amended Complaint. On July 24, 2020, Magistrate Judge Standish rejected and returned the documents to Plaintiff, advising him that: they did not constitute a pleading, as there was no caption and no factual or legal allegations or claims for relief were pleaded; and the stack of documents did not respond to the concerns and issues identified in the June 15 Order. Judge Standish extended Plaintiff's deadline to file a Second Amended Complaint to August 28, 2020, sent him a packet of information relating to *pro se* filings and a form complaint and an in forma pauperis

declaration form for his use, and directed Plaintiff to use the forms in connection with filing his Second Amended Complaint by the extended deadline. She cautioned Plaintiff that this was a final extension of time and that if he did not comply with her Order and the June 15 Order by the August 28, 2020 deadline, it would likely result in the dismissal of the case under Rule 41(b).

August 28, 2020 came and went with no response by Plaintiff. Rather than comply with any of the foregoing Orders, Plaintiff instead submitted various jumbled documents in early October, which even when read together, could not be said to constitute a Second Amended Complaint. On October 8, 2020, Judge Standish rejected and returned them through an Order that explained why these rambling documents did not constitute a viable pleading. [Doc. # 17, "October 8 Order."] The October 8 Order extended Plaintiff's deadline to file a Second Amended Complaint to November 20, 2020, and cautioned him that the failure to submit a Second Amended Complaint that complied with the foregoing Orders by no later than November 20, 2020, would result in dismissal pursuant to Rule 41(b).

The twice extended deadline for Plaintiff's Second Amended Complaint has passed, and no such pleading has been filed. Given the above-recounted circumstances and the repeated warnings given to Plaintiff about dismissal if he did not act in compliance with the Court's Orders, including by filing a Second Amended Complaint, the Court must assume that he no longer wishes to pursue this case.[1]

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the

---

[1] It appears that Plaintiff has abandoned this case in favor of two recently-filed lawsuits – Case Nos. CV 20-10504-DMG (GJS) and CV 20-10505-DMG (GJS) – which are brought against some of the same defendants and raise some of the same issues involved in this case.

3

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, the fifth factor, the general policy favoring resolution of cases on the merits, cannot be said to favor retention of this action on the Court's docket. As explained in both the May 14 Order and the June 15 Order, Plaintiff's attempted *Bivens* complaints have been riddled with fundamental and fatal errors, and it appears to the Court that he is unable to state a viable claim. Moreover, it appears highly likely that Plaintiff has not exhausted his available administrative remedies, given his assertion that he does not need to do so.

Plaintiff's noncompliance with the June 15 Order and Magistrate Judge Standish's July 24, 2020 and October 8 Orders necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently, the first and second factors. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

The third factor – possible prejudice to the opposing party – is, at best, neutral to Plaintiff. While there is no evidence that Plaintiff's actions have resulted in any actual prejudice to Defendants as yet, "[t]he law … presumes prejudice from unreasonable delay." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227.

In addition, the fourth factor favors dismissal. As recounted above, through four court orders, Plaintiff has been cautioned expressly that his failure to comply with this Court's orders by filing the requisite complying amended pleading could result in the dismissal of this action under Rule 41(b). Having been so cautioned repeatedly, yet having failed to take the action needed to allow this case to survive, Plaintiff appears to lack any interest in pursuing *this* case anymore (and, instead, has

4

decided to pursue two newly-filed lawsuits).  Under these circumstances, dismissal of this case is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate when strongly supported by three factors); *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (dismissal appropriate when supported by four factors).

Accordingly, for the foregoing reasons, IT IS ORDERED that this action is dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:  December 14, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE